68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl R. HARRIS, Defendant-Appellant.
 No. 95-5205.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 12, 1995.
Decided Oct. 11, 1995.
 
 Sara E. Kopecki, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, John David Kuchta, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before MURNAGHAN, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Carl R. Harris appeals his conviction for prisoner possession of heroin, in violation of 18 U.S.C.A. Sec. 13 (West Supp.1995) (assimilating Va.Code Ann. Sec. 53.1-203(5) (Michie 1994)). Finding that the evidence was sufficient to support the guilty verdict, we affirm.
 
 
 2
 When guards announced a shakedown of Harris' dormitory at Lorton Reformatory, Harris ran to his bunk. One officer testified that this reaction was consistent with a prisoner's attempting to dispose of or to hide something.
 
 
 3
 Guards discovered in Harris' footlocker a toothbrush case. In the top of the case were two crumpled $20 bills. In the bottom of the case, guards found heroin packaged in torn pieces of magazines. An expert in drug-trafficking patterns at Lorton testified that such packaging was consistent with individual dosage packaging at the facility. Magazines were available for inmate use at Lorton.
 
 
 4
 We review a challenge to the sufficiency of the evidence by determining "whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Under Sec. 53.1-203(5), it is unlawful for a prisoner to secrete or to have in his possession any chemical compound he did not lawfully receive. In cases involving criminal possession of controlled substances, constructive possession suffices. See McGee v. Commonwealth, 357 S.E.2d 738, 740 (Va.Ct.App.1987).
 
 
 5
 In the subject case, officers discovered packets of heroin in a toothbrush case located in a footlocker which Harris acknowledged to be his. This, coupled with his suspicious behavior at the time guards announced the shakedown and the identification of his fingerprint on one of the packages containing heroin, constituted sufficient evidence on which to return a guilty verdict. We therefore affirm the conviction.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.
 
 AFFIRMED